1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

UNITED STATES OF AMERICA,

Case No. 2:22-CV-83 JCM (VCF)

8

Plaintiff(s),

AMENDED ORDER

9

v.

10

JAMES VASCO KROHN POOLEY,

11

Defendant(s).

12

13

Presently before the court is appellant James Pooley's ("Pooley") appeal of magistrate

14

judge Cam Ferenbach's judgment of conviction against him.  (ECF No. 1).  Pooley filed an

15

opening brief (ECF Nos. 7; 8), to which appellee the United States of America ("the

16

government") responded (ECF No. 12) and Pooley replied (ECF No. 14).

17

Also before the court is the government's motion to strike portions of Pooley's appendix

18

(ECF No. 8).  (ECF No. 11).  Pooley did not respond, and the time to do so has passed.[1]

19

**I.      Background**

20

In January of 2021, the government filed a two-count criminal complaint charging Pooley

21

with operating a motor vehicle while under the influence of alcohol in violation of 36 C.F.R. §

22

4.23(a)(1) and operating a motor vehicle with a BAC of .08 grams and higher in violation of 36

23

C.F.R. § 4.14(b).  *United States v. James Pooley*, Case No. 2:21-mj-00079-VCF, ECF No. 1 (D.

24

Nev. Jan. 21, 2021).

25

On August 2, 2021, Judge Ferenbach held a bench trial on Pooley's charges.  *Id.* at ECF

26

No. 18.  At trial, the government presented testimony from several park rangers involved in

27

28

[1] Accordingly, the governments motion (ECF No. 11) is GRANTED.  Pages 138 through 141 of Pooley's appendix (ECF No. 8 at 138–141) are hereby STRICKEN.

**James C. Mahan**
**U.S. District Judge**

1   Pooley's arrest.  The rangers testified that Pooley failed to drive within his lane, had bloodshot

2   and glassy eyes and strong odor of alcohol on his breath, had open alcohol containers in his

3   vehicle, and admitted to drinking alcohol earlier that day.  Further, ever Pooley's objection,

4   judge Ferenbach admitted breathalyzer test results showing blood alcohol contents ("BAC") of

5   .244 and .255.

6          During cross examination, Pooley's counsel elicited admissions from the rangers that

7   they made several mistakes in their reports including erroneous time stamps, misspellings, and

8   missing case numbers, among other things.

9          Based on the totality of the evidence, judge Ferenbach found Pooley guilty of both counts

10  and sentenced him to six months' probation and a $2,500 fine.  *Id.* at ECF No. 26.  Pooley now

11  appeals his conviction.  *Id.* at ECF No. 31.

12  **II.     Legal Standard**

13         Magistrate judges have jurisdiction to try persons accused of, and sentence persons

14  convicted of, misdemeanors.  28 U.S.C. §§ 636, 3401; FED. R. CRIM. P. 58.  "In all cases of

15  conviction by a United States magistrate judge an appeal of right shall lie from the judgment of

16  the magistrate judge to a judge of the district court of the district in which the offense was

17  committed."  18 U.S.C. § 3402.  The district court's review of the magistrate's judgment is

18  governed by the same standards as an appeal from a judgment of a district court to the court of

19  appeals.  FED. R. CRIM. P. 58(g)(2)(D); *United States v. Fautanu*, 751 F. Supp. 1420, 1421 (D.

20  Haw. 1990).

21         Following a bench trial, the appellate court reviews the findings of fact for clear error,

22  and conclusions of law are reviewed *de novo*.  *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 860

23  (9th Cir. 2011).  When there are multiple trial errors, the cumulative effect of these multiple trial

24  errors may prejudice a defendant to warrant reversal.  *United States v. Frederick*, 78 F.3d 1370,

25  1381 (9th Cir. 1996).

26         "Under [the [clear error] standard, [the appellate court] may not reverse just because [it]

27  'would have decided the matter differently.  A finding that is 'plausible' in light of the full

28  record—even if another is equally or more so—must govern.' "   *Cooper v. Harris*, 137 S. Ct.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  1455, 1465 (2017) (quoting *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573 (1985))

2  (internal citation omitted).

3  **III.    Discussion**

4          Pooley appeals his conviction on three grounds: 1) no reasonable juror could convict him

5  based on the evidence presented at trial, 2) the trial court abused its discretion in admitting the

6  breathalyzer test results, and 3) cumulative errors likely prejudiced him.   Having reviewed the

7  record, the court DENIES Pooley's appeal and AFFIRMS his conviction.

8          First, there is no clear error in the trier of fact's finding that Pooley is guilty of his

9  charges.   Viewing the record in the light most favorable to the government, a reasonable juror

10  could determine that, under the totality of the evidence, Pooley was in fact operating a vehicle

11  under the influence of alcohol and operating a vehicle with a blood alcohol content ("BAC") of

12  .08 grams or higher.[2]

13          Next, there is no abuse of discretion in the magistrate judge's admitting the breathalyzer

14  test results.   The breathalyzer operator witnessed the results of Pooley's two tests firsthand and

15  testified that the results were the same as the government's exhibit showing that Pooley's BAC

16  was above the legal limit.   Therefore, the court properly admitted the breathalyzer test results

17  into evidence.

18          Finally, there is no cumulative error justifying reversal of Pooley's conviction.   The

19  government's case is not so weak that Pooley is likely to be prejudiced by the rangers' apparent

20  technical errors.[3]   The government presented evidence in the form of both testimony and reports,

21  and the trier of fact found that evidence to be credible enough to support a conviction.

22  . . .

23  _____

24      [2] Rangers witnessed Pooley fail to drive within his lane, observed Pooley's bloodshot and
glassy eyes, flushed face, and strong odor of alcohol on his breath, saw open alcohol containers
25  in his vehicle, and heard him admit to drinking alcohol prior to driving.   The breathalyzer
operator witnessed the results of Pooley's two tests firsthand and testified that they were above
26  the legal limit.

27      [3] The trier of fact determined that the technical errors within the arrest report and
breathalyzer receipt were not enough to negate the other evidence against Pooley.   It is not this
28  court's role to review those decisions *de novo* and overturn simply because the court may have
reached a different decision.

**James C. Mahan**
**U.S. District Judge**

IV.    **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Pooley's appeal of his conviction (ECF No. 1) be, and the same hereby is, DENIED.  Magistrate Judge Ferenbach's judgment of conviction is AFFIRMED.

IT IS FURTHER ORDERED that the government's motion to strike portions of Pooley's appendix (ECF No. 11) be, and the same hereby is, GRANTED.  Pages 138 through 141 of Pooley's appendix (ECF No. 8 at 138–141) are hereby STRICKEN from the record.

The clerk is instructed to refile ECF No. 8 without those pages and close this matter.

DATED June 10, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -